IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GEORGE KEITH MARTIN,**

      **Plaintiff,**

v.                                                             Civil Action No. 1:08cv205
                                                                           (Judge Keeley)

**MIKE CLAXTON, ALEX NEVILLE,**
**JOHN HARE, BRIAN K. PURKEY**
**AND DOUG YOST,**

      **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

On November 19, 2008, this civil rights action was removed from the Circuit Court of Harrison County, West Virginia. In the Notice of Removal, the defendants assert that the plaintiff's complaint seeks injunctive relief related to a request for information which implicates the Freedom of Information Act ("FOIA"). Moreover, the defendants asserts that because they were acting in their official capacities as federal employees at the time of the plaintiff's requests, they will seek substitution of the United States as the proper party defendant in this case.

### II. The Complaint

In the complaint, the plaintiff asserts that he was arrested on June 9, 2005, in Greensburg, Pennsylvania, by West Virginia Task Force Officers, Brian Purkey ("Purkey") and Doug Yost ("Yost"). The plaintiff further asserts that at the time of his arrest, Purkey and Yost informed him that they were acting as deputized United States Marshals. However, when the plaintiff requested proof of such deputization, Purkey and Yost refused to provide it. The plaintiff asserts that without

Purkey and Yost being properly deputized, his rights were clearly violated. After his arrest, the plaintiff made three requests to the defendants for documents which would demonstrate that Purkey and Yost were deputized United States Marshals at the time of the plaintiff's arrest. Specifically, the plaintiff has requested incident reports, arrest reports, charging documents and any other documents which would demonstrate that Purkey and Yost were properly deputized. Because of the defendants lack of response to his requests, the plaintiff asserts that filed this suit seeking the Court's assistance in obtaining the requested documents.

### III.  Analysis

The purpose of the FOIA, 5 U.S.C. § 552, "is to encourage public disclosure of information so citizens may understand what their government is doing."  Office of the Capital Collateral Counsel v. Dept. of Justice, 331 F.3d 799, 802 (11th Cir. 2003).  FOIA requires government agencies to disclose to the public any requested document unless the agency proves that the document falls within one of nine statutory exemptions.  NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 136 (1975). Because the purpose of the FOIA is to encourage disclosure, its disclosure requirements are construed broadly, its exemptions are construed narrowly, and the government bears the burden of proving a requested document is exempt.  Dept. of Air Force v. Rose, 425 U.S. 352, 366 (1976). While the FOIA allows an agency to withhold information within one of the exemptions, it does not limit the agency's discretion to disclose such exempt information if it sees fit.  Chrysler Corp. v. Brown, 441 U.S. 281, 293-294 (1979).

In addition, "[i]t is well established . . . that individual federal employees are not subject to suit under FOIA."  See Ginarte v. Mueller, 534 F.Supp.2d 135, 136 (D.D.C. 2008) (quoting Thomas v. Federal Aviation Admin., 2007 WL 219988 *3 (D.D.C. Jan. 25, 2007) (internal citations and

quotations omitted)). Rather, "[t]he jurisdiction of the this Court to enforce FOIA is limited to enjoining agency noncompliance, § 552(a)(4)(B) . . ." Whittle v. Moschella, 756 F.Supp. 589, 596 (D.D.C. 1991).

Because "[t]he only proper defendant in a FOIA case is a federal agency," Ginarte v. Mueller, 534 F.Supp.2d at 136-137 (citation omitted), the named individual federal defendants are not proper party defendants in this case. Instead, because this case involves records requested from the United States Marshal Service, a component of the Department of Justice ("DOJ"), the DOJ is the proper party defendant in this case.

### IV. Recommendation

For these reasons, the undersigned recommends that the DOJ be substituted for the individual federal employees in this case and that the individual defendants be terminated from the case. Moreover, in light of the plaintiff's allegations that his FOIA requests have not been answered, the undersigned further recommends the DOJ be served a copy of a summons and complaint by first class United States mail, return receipt requested,[1] and that the DOJ be given **thirty (30) days** to file a response to the plaintiff's complaint. See 5 U.S.C. § 552(a)(4)(C) ("Notwithstanding any other

---

[1] Section 552(a)(6)(A) provides:

Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, **shall** --
    (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and **shall** immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determinations . . ."

(emphasis added)

According to his exhibits, the plaintiff made three requests for information to the United States Marshal Service. Those requests were made in May, June and July of 2008. Thus, it is well passed the time for which a response should have been made.

provision of law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is made . . .").

Within ten (10) days after being served with a copy of this opinion/report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the pro se petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: December 1, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE