# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GEORGE KEITH MARTIN,**

    **Plaintiff,**

**v.**                            **Civil Action No. 1:08cv205**
                                    **(Judge Keeley)**

**DEPARTMENT OF JUSTICE,**

    **Defendant.**

## OPINION/REPORT AND RECOMMENDATION

The *pro se* plaintiff commenced this action in the Circuit Court of Harrison County on October 21, 2008. The case was removed to this Court on November 19, 2008, and the Department of Justice ("DOJ") was later substituted as the proper party defendant. This case is before the undersigned for a Report and Recommendation ("R&R") on the defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.

## The Complaint

In the complaint, the plaintiff asserts that he was arrested on June 9, 2005, by several Deputy United States Marshals and two West Virginia police officers, claiming to be deputized United States Marshals. The plaintiff asserts that the two officers, Brian Purkey ("Purkey") and Doug Yost ("Yost"), violated his constitutional rights during the arrest, and further, were outside their jurisdiction at the time. The plaintiff contends that he sought documentation from the Marshal Service verifying that Purkey and Yost were duly authorized deputy Marshals at the time of his arrest, but that he has received no response. The plaintiff appears to seek relief for the failure of the Marshal Service to respond to his requests.

**The Removal**

Because the plaintiff sought relief against the United States or one of its agencies, and because his request implicated the Freedom of Information Act ("FOIA") and Privacy Act, the individually named federal defendants removed this case to federal court on November 19, 2008. The plaintiff filed a motion for remand on December 24, 2008.

**The Federal Proceedings**

Upon initiation of this case, the defendants sought to substitute the United States as the proper party defendant. On December 2, 2008, the undersigned issued an R&R which found that the plaintiff's claims arose under the FOIA, and that therefore, the only proper defendant was the federal agency to which the request was made. In this case, the plaintiff sought records from the United States Marshal Service, a component of the DOJ. Thus, the undersigned recommended that the individual federal defendants be terminated and the DOJ be substituted as the proper party defendant in this case. Despite the plaintiff's objections, the R&R was adopted in its entirety on February 12, 2009, the DOJ was substituted as the proper party defendant and summonses were issued. The plaintiff sought reconsideration of the Order adopting the R&R on February 25, 2009.

On April 13, 2009, the DOJ filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. In support of the motion, the defendant asserts that relief should be denied for the following reasons:

(1) the plaintiff voluntarily withdrew his request for information;

(2) the plaintiff's refusal to verify his identity relieved the USMS from any obligation to provide the requested information; and

(3) by refusing to verify his identity, the plaintiff failed to exhaust available administrative

remedies.

Because the plaintiff appears *pro se* in this case, the Court issued a Roseboro Notice on May 26, 2009. The plaintiff filed his response to the defendant's motion on June 5, 2009. In his response, the plaintiff asserts that he gave notice of his voluntary dismissal of this case via certified mail on February 23, 2009. Moreover, he contends that he has received no notice of any motion for dismissal.

On August 4, 2009, the Court denied the plaintiff's motion to remand to state court and his motion for reconsideration.

## Analysis

### A. Voluntary Dismissal

In his response to the defendant's motion to dismiss, the plaintiff contends that he sought voluntary dismissal of this case via certified mail on February 23, 2009. A review of the Court's docket shows that on February 25, 2009, it received a "Notice of Demand for Rescinding & Quashing of the Order Adopting the Report and Recommendation." In that document, the plaintiff asserted that the facts presented in the R&R did not properly reflect the facts given in the Complaint. Moreover, the plaintiff asserted that the attempts to remove the individual defendants from liability were improper. The plaintiff further contended that contrary to the order adopting the R&R, he did file objections.[1] The plaintiff then asserts that he is under no obligation to proceed with a matter that is based upon "manufactured representations." Thus, the plaintiff reasons that the order adopting the R&R is void. As such, the plaintiff further asserts that because no judgment has been entered,

---

[1] The Court did not receive objections to the R&R. It did, however, receive the plaintiff's motion for remand, approximately 22 days after the R&R was entered. Nonetheless, that document was clearly labeled a motion for remand and did not reference or object to the R&R in any way.

3

he is voluntarily dismissing the case unless the Order adopting the R&R is rescinded or quashed. He then requests that the Court reconsider its order adopting the R&R.

Because the Court has denied the plaintiff's motion for reconsideration and remand, the circumstances of his request for voluntary dismissal have now come to fruition. However, because the defendant has now filed a response to the complaint,[2] pursuant to Rule 41(b)(2) of the Federal Rules of Civil Procedure, the plaintiff cannot dismiss his complaint without an Order of the Court. Nonetheless, the undersigned finds that the interests of justice would be served by granting the plaintiff's request for a voluntary dismissal. However, because the plaintiff did not specifically file a motion for voluntary dismissal, but instead, the undersigned has only pieced together the plaintiff's intent from several different filings, the undersigned will also address the defendant's motion to dismiss or for summary judgment.

**B. Motion to Dismiss or for Summary Judgment**

According to the defendant, following the plaintiff's arrest on May 9, 2005, he sent two letters to the United States Marshal Service in which he requested:

(1) documents verifying that Yost and Purkey were deputized United States Marshals at the time they participated in his arrest;

(2) any documents, files or reports related to his arrest; and

(3) any documents that authorize West Virginia law enforcement officials to participate in his arrest in Pennsylvania.

---

[2] The undersigned notes that the plaintiff's "voluntary dismissal" was filed prior to the defendant's motion to dismiss. However, his request was contingent upon certain events that did not occur until after the defendant's motion was filed. Thus, the plaintiff should not be entitled to avail himself of Rule 41(b)(1)'s voluntary dismissal provisions.

Dckt. No. 15 at 2.

The Marshal Service construed these letters as requests under the FOIA and the Privacy Act, for access to the plaintiff's own records. *Id.* Moreover, because pursuant to 28 C.F.R. §§ 16.40(a) and 16.41(a) and (d), the Marshal Service could not supply this information without first verifying the plaintiff's identity,[3] *id.* at 7, it sent the plaintiff a response stating that it would provide him the requested information only after he verified his identity. *Id.* at 5-6. Specifically, the response stated in pertinent part:

> Dear Requestor:
>
> Reference is made to your above-captioned request. In order for the United States Marshal Service to address your request, it is necessary for you to provide the following prerequisite element(s) as indicated:
>
> [X] Verification of identity.
>
> \*\*\*
>
> Please return the required information to the FOI/PA, Office of General Counsel, CS-3, 12th Floor, U.S. Marshal's Service, Washington, DC 20530-1000. We will acknowledge your request upon receipt in this office and correspond with you again accordingly.

*Id.*

The plaintiff returned the response letter to the Marshal Service, without verifying his identity. *Id.* at 6. In addition, the returned envelope was marked:

> ATT: Please do not contact me again. Arrest - 6/9/05
> no. 2006 USMS 8987.

---

[3] Section 16.41(d) states: "When you make a request for access to records about yourself, you must verify your identity. You must state your full name, current address, and date and place of birth. You must your request and your signature must either be notarized or submitted by you under 28 U.S.C. § 1746, a law that permits statements to be made under penalty of perjury as a substitute for notarization."

5

*Id*. From his failure to verify his identity, and his express directive to the Marshal Service not to contact him again, the Marshal Service considered the plaintiff's request withdrawn, and took no further action. *Id.*

It is quite clear from the undisputed facts, that the plaintiff withdrew any request for his records when he refused to verify his identity and told the Marshal Service not to contact him further. Given these circumstances, it was reasonable and appropriate for the Marshal Service to take no further action at that time. Thus, the plaintiff cannot now complain about a lack of response. The Marshal Service did respond to his requests. It is the plaintiff's own failure to complete the necessary requirements, and in fact, his own directive to not be contacted further, which caused the requests to not be completed. Even if it had wanted to, without verification of the plaintiff's identity, the Marshal Service was unable to fully process the plaintiff's request.

Moreover, the undersigned agrees that the plaintiff's failure to properly complete his agency request constitutes a failure to exhaust administrative remedies, which prevents this Court from reviewing the plaintiff's claims. See Kessler v. United States, 899 F.Supp. 644, 645 (D.D.C. 1995) (the failure to submit a proper request is a failure to exhaust administrative remedies which deprives the court of jurisdiction).

### **Recommendation**

For the foregoing reasons, the undersigned makes the following recommendation:

(1) that the plaintiff's request for voluntary dismissal be **GRANTED**, the defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dckt. 14) be **DENIED as moot**, and this case be **DISMISSED without prejudice** from the Court's active docket. Alternately, the

undersigned recommends:

(2) the defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dckt. 14) be **GRANTED** and this case be **DISMISSED** from the active docket of this Court.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: August 12, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE